WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Berrow, | No. CV-20-01342-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Navient Solutions LLC, | |
| Defendant. | |

The Court is in receipt of Defendant Navient Solutions LLC's ("Navient") Motion to Stay Action ("Motion"). (Doc. 23.) Plaintiff, Michael Berrow, responded, (Doc. 24), and Defendant replied. (Doc. 25.) Defendant's Motion requested oral argument, but the Court is inclined to rule without oral argument, finding that it is unnecessary. *See* LRCiv. P. 7.2(f). The Court has considered the pleadings and will grant Defendant's Motion for the reasons below.

**I.   BACKGROUND**

Plaintiff alleges in his Complaint that he co-signed three student loans for his daughter to attend college. (Doc. 1 ¶ 8.) In 2009, Mr. Berrow's daughter passed away due to heart failure, leaving him financially responsible for her loans. (*Id.* at 9.) Although Navient, the holder of the student loans, allegedly originally told Mr. Berrow that he would not be responsible for the debt, they later recanted and requested that Mr. Berrow begin making payments. (*Id.* ¶¶ 10-11.) Mr. Berrow alleges that he could not afford to make the

full payment, so he paid only the interest on the loans for a few years to keep them from going into default. (*Id.* ¶ 13.) In or around June 2017, the Complaint alleges that Navient began calling Mr. Berrow on his cell phone. (*Id.* ¶ 16.) On or about July 31, 2017, Mr. Berrow spoke with a Navient representative and revoked consent to be contacted further. (*Id.* ¶ 19.) Thereafter, Navient allegedly called him an additional 225 times between July 31, 2017 and October 1, 2018 using an automatic telephone dialing system ("ATDS"). (*Id.* ¶¶ 23-24.) Plaintiff alleges that these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), which states: "It shall be unlawful for any person within the United States…too make any call (other than a call made for emergency purposes made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice—to any telephone number assigned to a … cellular telephone service … or any service for which the called party is charged for the call." (*Id.* ¶ 33.)

Defendant filed this Motion asking for a stay in light of the Supreme Court's grant of the Writ of Certiorari in *Facebook, Inc. v. Duguid*, Sup. Ct. Dkt. No. 19-511 ("*Duguid*"), in which the Supreme Court will clarify a circuit split on what is needed for a device to constitute an ATDS under the TCPA.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936). Accordingly, "[a] trial court may…enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision whether to stay an action is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay…" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are (1) "the possible damage which may result from the granting of the stay," (2)

"the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc.*, 398 F.3d at 268).[1] "[T]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636 (1997).

### III.   ANALYSIS

Defendant argues that the case should be stayed until the United States Supreme Court renders a decision in *Duguid*. As Judge Lanza recently pointed out, "Since the Supreme Court granted review in [*Duguid*], courts have split on whether a stay is appropriate in TCPA cases premised on the use of ATDSs." *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 U.S. Dist. LEXIS 161629, at *7 (D. Ariz. Sep. 3, 2020). On July 9, 2020, the Supreme Court granted the Petition of Writ for Certiorari in *Duguid* on the second questions presented of the petition, which states, "Whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" (Doc. 23-1, Ex. B.) The Supreme Court heard oral argument in the case on December 8, 2020. (Doc. 23-1 ¶ 5.) Currently in the Ninth Circuit, random or sequential phone number generation is not required for a system to qualify as an ATDS under the TCPA, but ATDS has instead been construed to encompass "devices with the capacity to dial stored numbers automatically." *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018). However, courts in other circuits disagree, and

---

[1] Plaintiff argues in his response that the factors in *Nken v. Holder*, 556 U.S. 418, 433 (2009), not *Landis* and its progeny, govern this Court's decision of whether to grant a stay. (Doc. 24 at 4.) However, courts in the Ninth Circuit use the factors in *Landis* over those in *Nken* where a party seeks to stay a district court proceeding pending the resolution of another action. *See, e.g., Lal v. Capital One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 U.S. Dist. LEXIS 9121, at *3 (N.D. Cal. Jan. 23, 2017) (using the *Landis* factors and explaining that the same four factors used in *Nken* are used where a party seeks to stay enforcement of a judgment or order pending an appeal of the same judgment or order in the same case).

the Supreme Court is posed to clarify the statute. *See, e.g., Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1304-05 (11th Cir. 2020) (requiring devices to use randomly or sequentially generated numbers to be considered an ATDS under the TCPA). As one of the two claims in Plaintiff's complaint will turn on the Supreme Court's decision in *Duguid*, Navient argues that all three factors weigh in favor of granting a stay until the Supreme Court decides *Duguid*. The Court agrees.

      Defendant argues that granting the stay will do little, if any damage to Plaintiff. Plaintiff argues that a stay would be highly prejudicial to his case. Plaintiff argues that since he bears the burden of proof for his claims, a stay will prejudice his chances of prosecuting his case because "memories will fade, witnesses will become difficult to locate, and essential records will be lost." (Doc. 24 at 13.) However, the Court is unpersuaded by this argument. The stay will not be "indefinite in nature," which is disfavored by the Ninth Circuit. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). As oral argument was held at the Supreme Court in *Duguid* on December 8, 2020, staying the case until a decision is issued from the Supreme Court will not cause prejudice to Plaintiff's case because he will likely only need to wait, at most, a few months to begin discovery. This short delay is not substantial enough to cause a hardship of Plaintiff's prosecution of this matter, as his evidence is unlikely to disappear in this short amount of time. This is especially in true in light of the fact that Defendant should have by now issued litigation hold to preserve documents relevant to the litigation. *Canady*, 2020 U.S. Dist. LEXIS 161629, at *10. What's more, as Defendant points out, the suit is for an injury that is no longer occurring, and a stay would not cause continuing harm to Plaintiff. (Doc. 23 at 14.) Further, this case is at an early stage, which weighs in favor of granting the stay. *See Sensibaugh v. Ef Educ. First*, 2020 U.S. Dist. LEXIS 113165, at *4 (C.D. Cal. May 7, 2020) ("A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, factors staying this action." (quoting *Seefeldt v. Entm't Consulting Int'l, LLC*, N. 4:19-CV-00188, 2020 WL 905844, at *3 (E.D. Mo. Feb. 25, 2020)). Thus, the Court finds that the first factor of the *Landis* analysis weighs

in favor of granting the stay.

As to the second factor of the analysis, Defendant argues that it will be a hardship for it to have to litigate its potential TCPA liability from an uncertain position. While uncertainty in the law alone does not merit a stay, the Court finds that the *Duguid* decision has the potential to narrow and clarify the issues in this case related to Defendant's TCPA liability. While Plaintiff argues that, no matter what the Supreme Court decides, Defendant will still have to undergo discovery to determine whether their system qualifies as an ATDS, the Court is not persuaded by this point. The Supreme Court's decision will potentially clarify and narrow discovery questions that need to be answered, likely saving both parties time and resources. Thus, this factor weighs, although minimally, in favor of granting the stay.

For the third and final factor in the analysis, the Court must determine whether a stay would promote the "orderly course of justice measured in terms of the simplifying…of issues, proof, and question[s] of law." *Lockyer*, 398 F.3d at 1110 (quotations omitted). In other words, the Court must determine if the stay will further judicial economy. The third factor weighs in favor of granting the stay. The Supreme Court decision in *Duguid* will clarify the law, and therefore, discovery in this case. Further, the decision will avoid exhausting judicial resources to decide things like discovery disputes and motions, which could later prove fruitless. *See Canady*, 2020 U.S. Dist. LEXIS 161629 at *11 (quoting *Seefeldt*, 2020 U.S. Dist. LEXIS 152058 at *2.). The Court finds that a stay would further judicial economy in this case.

### IV.  CONCLUSION

Weighing the competing interests, the Court concludes that a stay is warranted. For the reasons discussed above,

**IT IS ORDERED** granting the Defendant's Motion to Stay Action (Doc. 23) until the United States Supreme Court issues an opinion in *Facebook Inc. v. Duguid*, No. 19-511.

**IT IS FURTHER ORDERED** that the parties shall submit a new proposed

scheduling order within 14 days of the date that the Supreme Court issues its opinion in *Facebook Inc. v. Duguid*, No. 19-511.

Dated this 16th day of December, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge